IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BERNARD LACKEY,

    Plaintiff,

v.                                                                                    Civil Action No. **3:12CV820**

J. MIDGET, *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

Bernard Lackey, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343.

### Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

(E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations

Lackey contends that on one evening, the Riverside Regional Jail failed to adequately provide him with a full Ramadan meal. The allegations in Lackey's Complaint[2] are as follows:

> On 7/27/12 approximately 2130 hrs when Ramadan tray[s] were being passed out at the control booth 5E didn't receive our proper right time meals. 5A, 5B, and 5D all received their trays. I addressed this situation to the unit control officer. Officer Rideout told me and everybody else from 5E that kitchen said they had run out of food. At that time, he proceeded to the kitchen to see for himself. Approximately 15 min. later, I was called back to unit control, and was told that he had only 1 Ramadan tray left. And if I could convince the others to except [sic] bag lunches. The tray and bag that we normally received contain[s] (a side of fish, rice, vegetable, 3 boiled eggs and 8 slices of wheat bread plus a fruit[)]. My tray didn't have any eggs and my fruit was rotten to the core. Furthermore, the served portion of food was not correct. The inmates received 2 bag lunches and Ramadan bag a piece. Their bags contain[ed] good fruit and boiled eggs. Lunch bags were not supposed to be served because bologna isn't a part of the Islamic diet for Ramadan. Also, white bread is not to be consumed. This evening of fasting my 1st amendment rights to practice my religious belief diet during the month of Ramadan was disturbed due to the kitchen staff not being prepared for the holy month of Ramadan. The kitchen supervisors M. Phillips and J. Midget were made aware of the problem. Nothing was done, because basically talked

---

[2] The Court corrects the spelling, capitalization, and punctuation in quotations from Lackey's Complaint.

3

around the issue. And on my last lead of appeal Capt. Flippin did the exact same thing, talked around the issue. . . . My 1st & 14th amendments were violated.

(Compl. 5.) Lackey demands $100,500 and relocation "to D.O.C. asap so that I may practice my religious belief without problems." (*Id.* at 6.)

Lackey names J. Midget, Kitchen Staff, M. Phillips, the Kitchen Supervisor, and Capt. Flippin as defendants. (*Id.* at 1-2.) As explained below, Lackey fails to state a claim a First[3] or Fourteenth[4] Amendment claim against defendants.

## Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998).

To state a First Amendment claim, Lackey must allege facts that suggest that "(1) he holds a sincere belief that is religious in nature" and (2) that Defendants imposed a substantial burden on the practice of his religion. *Whitehouse v. Johnson*, No. 1:10cv1175 (CMH/JFA), 2011 WL 5843622, at *4 (E.D. Va. Nov. 18, 2011) (citing *Hernandez v. Comm'r*, 490 U.S. 680, 699 (1989)). "Government officials impose a substantial burden on the free exercise of religion by 'put[ting] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Massenburg v. Adams*, No. 3:08cv106, 2011 WL 1740150, at *4 (E.D. Va. May 5, 2011) (alteration in original) (quoting *Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006) (some internal quotation marks omitted)). A mere inconvenience to the exercise of religion fails to give

---

[3] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof. . . ." U.S. Const. amend. I.

[4] "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

4

rise to a First Amendment violation. *McEachin v. McGuinnis*, 357 F.3d 197, 203 n.6 (2d Cir. 2004) ("There may be inconveniences so trivial that they are most properly ignored.") Moreover, "[d]e minimis burdens on the free exercise of religion are not of constitutional dimension." *Rapier v. Harris*, 172 F.3d 999, 1006 n.4 (7th Cir. 1999) (citations omitted).

Lackey fails to allege facts that indicate that Defendants imposed a substantial burden on his ability to practice his religion. Lackey contends that on one isolated evening, Defendants provided him with an incomplete Ramadan meal. Lackey makes no allegation that the meal he received failed to comport with his religious needs, but contends the meal provided had one missing item and contained inedible fruit. Lackey wholly fails to allege that defendants placed substantial pressure on him to modify and violate his religious beliefs by providing him with a single incomplete meal during the observance of Ramadan. Instead, Lackey's receipt of a partial meal amounts to a *de minimis* burden on his free exercise of religion. *Id.* (finding on summary judgment that provision of three improper meals out of 810 meals is a *de minimis* burden).

Lackey alleges no further facts showing that Defendants interfered with his observance of Ramadan. Thus, he fails to allege facts that plausibly demonstrate a substantial burden on his religion. *See Neal v. McKune*, No. 11-3155-JTM, 2013 WL 1446791, *5-6 (D. Kan. Apr. 9, 2013) (granting motion to dismiss and concluding no substantial burden, but "an inconvenience," when inmate alleged three missed and six hurried breakfasts during two months of Ramadan); *see also Garnica v. Wash. Dep't of Corr.*, --- F. Supp. 2d ----, 2013 WL 4094324, at *19 (W.D. Wash. Aug. 13, 2013); *cf. Norwood v. Strada*, 249 F. App'x 269, 269–72 (3d Cir. 2007) (finding on summary judgment no substantial burden upon inmate's religious exercise when inmate denied seven religiously certified (halal) meals during three-day lockdown); *Evans v. Jabe*, No. 3:11CV104, 2014 WL 202023, at *8-9 (E.D. Va. Jan. 17, 2014) (concluding on summary

judgment that no substantial burden on inmate's religious exercise occurred when inmate provided six incomplete or tardy meals during observance of Ramadan). Accordingly, Lackey states no First Amendment claim.

The Equal Protection Clause of the Fourteenth Amendment requires that similarly situated persons be treated alike. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). In order to state an equal protection claim Lackey must allege that: (1) that he and a comparator were treated differently and were similarly situated; and (2) that the different treatment was the result of discrimination. *See Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation omitted). Lackey fails to allege facts that indicate Defendants treated him differently than any other similarly situated inmate.

Accordingly, it is RECOMMENDED that Lackey's claims and the action be DISMISSED.

If Lackey wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within fourteen (14) days of the date of entry hereof. *See Williams v. Wilkerson*, 90 F.R.D. 168, 170 (E.D. Va. 1981). Such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Lackey must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant the current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

Lackey is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate

Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Lackey.

/s/
M. Hannah Lauck
United States Magistrate Judge

Date: 5/12/14
Richmond, Virginia