IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BERNARD LACKEY,

    Plaintiff,

v.                                           Civil Action No. 3:12CV820

J. MIDGET, et al.,

    Defendants.

**MEMORANDUM OPINION**

Bernard Lackey, a Virginia inmate proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. § 1915(e)(2).

**I. BACKGROUND**

The Magistrate Judge made the following findings and recommendations:

**Preliminary Review**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a

---

[1] The statute provides, in pertinent part:

Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citation omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," rather than merely "conceivable." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

2

inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary of Allegations and Claims**

Lackey contends that on one evening, the Riverside Regional Jail failed to adequately provide him with a full Ramadan meal. The allegations in Lackey's Complaint are as follows:

> On 7/27/12 approximately 2130 hrs when Ramadan tray[s] were being passed out at the control booth 5E didn't receive our proper right time meals. 5A, 5B, and 5D all received their trays. I addressed this situation to the unit control officer. Officer Rideout told me and everybody else from 5E that kitchen said they had run out of food. At that time, he proceeded to the kitchen to see for himself. Approximately 15 min. later, I was called back to unit control, and was told that he had only 1 Ramadan tray left. And if I could convince the others to except [sic] bag lunches. The tray and bag that we normally received contain[s] (a side of fish, rice, vegetable, 3 boiled eggs and 8 slices of wheat bread plus a fruit[)]. My tray didn't have any eggs and my fruit was rotten to the core. Furthermore, the served portion of food was not correct. The inmates received 2 bag

3

>lunches and Ramadan bag a piece. Their bags contain[ed] good fruit and boiled eggs. Lunch bags were not supposed to be served because bologna isn't a part of the Islamic diet for Ramadan. Also, white bread is not to be consumed. This evening of fasting my 1st amendment rights to practice my religious belief diet during the month of Ramadan was disturbed due to the kitchen staff not being prepared for the holy month of Ramadan. The kitchen supervisors M. Phillips and J. Midget were made aware of the problem. Nothing was done, because basically talked around the issue. And on my last lead of appeal Capt. Flippin did the exact same thing, talked around the issue. . . . My 1st & 14th amendments were violated.

(Compl. 5.) Lackey demands $100,500 and relocation "to D.O.C. asap so that I may practice my religious belief without problems." (Id. at 6.)

Lackey names J. Midget, Kitchen Staff, M. Phillips, the Kitchen Supervisor, and Capt. Flippin as defendants. (Id. at 1-2.) As explained below, Lackey fails to state a claim a First or Fourteenth Amendment claim against defendants.

## Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998).

To state a First Amendment claim, Lackey must allege facts that suggest that "(1) he holds a sincere belief that is religious in nature" and (2) that Defendants imposed a substantial burden on the practice of his religion. Whitehouse v. Johnson, No. 1:10cv1175 (CMH/JFA), 2011 WL 5843622, at *4 (E.D. Va. Nov. 18, 2011) (citing Hernandez v. Comm'r, 490 U.S. 680, 699 (1989)). "Government officials impose a substantial burden on the free exercise of religion by 'put[ting] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'"

4

Massenburg v. Adams, No. 3:08cv106, 2011 WL 1740150, at *4 (E.D. Va. May 5, 2011) (alteration in original) (quoting Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006) (some internal quotation marks omitted)). A mere inconvenience to the exercise of religion fails to give rise to a First Amendment violation. McEachin v. McGuinnis, 357 F.3d 197, 203 n.6 (2d Cir. 2004) ("There may be inconveniences so trivial that they are most properly ignored.") Moreover, "[d]e minimis burdens on the free exercise of religion are not of constitutional dimension." Rapier v. Harris, 172 F.3d 999, 1006 n.4 (7th Cir. 1999) (citations omitted).

    Lackey fails to allege facts that indicate that Defendants imposed a substantial burden on his ability to practice his religion. Lackey contends that on one isolated evening, Defendants provided him with an incomplete Ramadan meal. Lackey makes no allegation that the meal he received failed to comport with his religious needs, but contends the meal provided had one missing item and contained inedible fruit. Lackey wholly fails to allege that defendants placed substantial pressure on him to modify and violate his religious beliefs by providing him with a single incomplete meal during the observance of Ramadan. Instead, Lackey's receipt of a partial meal amounts to a de minimis burden on his free exercise of religion. Id. (finding on summary judgment that provision of three improper meals out of 810 meals is a de minimis burden).

    Lackey alleges no further facts showing that Defendants interfered with his observance of Ramadan. Thus, he fails to allege facts that plausibly demonstrate a substantial burden on his religion. See Neal v. McKune, No. 11-3155-JTM, 2013 WL 1446791, *5-6 (D. Kan. Apr. 9, 2013) (granting motion to dismiss and concluding no substantial burden, but "an inconvenience," when inmate alleged three missed and six hurried breakfasts during two months of Ramadan); see also Garnica v. Wash. Dep't of Corr., --- F. Supp. 2d ----, 2013 WL 4094324, at *19 (W.D. Wash. Aug. 13, 2013); cf. Norwood v. Strada, 249 F. App'x 269, 269-72 (3d Cir. 2007) (finding on summary judgment no substantial burden upon inmate's religious exercise when inmate denied seven religiously certified (halal) meals during three-day lockdown); Evans v. Jabe, No. 3:11CV104, 2014 WL 202023, at *8-9 (E.D. Va. Jan. 17, 2014) (concluding on summary judgment that no

5

> substantial burden on inmate's religious exercise occurred when inmate provided six incomplete or tardy meals during observance of Ramadan). Accordingly, Lackey states no First Amendment claim.
> The Equal Protection Clause of the Fourteenth Amendment requires that similarly situated persons be treated alike. See <u>City of Cleburne v. Cleburne Living Ctr.</u>, 473 U.S. 432, 439 (1985) (citing <u>Plyler v. Doe</u>, 457 U.S. 202, 216 (1982)). In order to state an equal protection claim Lackey must allege that: (1) that he and a comparator were treated differently and were similarly situated; and (2) that the different treatment was the result of discrimination. See <u>Veney v. Wyche</u>, 293 F.3d 726, 730 (4th Cir. 2002) (citation omitted). Lackey fails to allege facts that indicate Defendants treated him differently than any other similarly situated inmate.
> Accordingly, it is RECOMMENDED that Lackey's claims and the action be DISMISSED.

(May 12, 2014 Report and Recommendation (alterations and omission in original).) The Court advised Lackey that he could file objections or an amended complaint within fourteen (14) days after the entry of the Report and Recommendation. Lackey has not responded.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." <u>Estrada v. Witkowski</u>, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing Mathews v. Weber, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations

to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." Thomas v. Arn, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a de novo review. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 316 (4th Cir. 2005).

### III. CONCLUSION

There being no objections, the Report and Recommendation will be accepted and adopted. Lackey's claims and the action will be dismissed. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to send a copy of the Memorandum Opinion to Lackey.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: June 25, 2014
Richmond, Virginia